■ HOWARD PURSNANI, Individually and as Shareholder of STYLISH MOVE SPORTSWEAR, INC., Respondent, v STYLISH MOVE SPORTSWEAR, INC., Defendant, and KANAYA D. MANGLANI et al., Appellants. [938 NYS2d 333]—

In this action arising out of a dispute between former business associates, the Supreme Court erred in denying that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Vishu Bhambhani for lack of personal jurisdiction. The

appellants submitted evidence in support of that branch of their motion which established that Bhambhani is not domiciled in New York, transacts no business and owns no property in this state, and maintains no other contacts with New York which would support the exercise of long-arm jurisdiction (*see* CPLR 302 [a]). Since the plaintiff failed to make a sufficient showing as to personal jurisdiction in opposition to that branch of the motion, the complaint should have been dismissed insofar as asserted against Bhambhani (*see e.g. Paolucci v Kamas*, 84 AD3d 766, 767 [2011]; *Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008]; *Farkas v Farkas*, 36 AD3d 852, 852-853 [2007]).

Similarly, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the fourth, fifth, seventh, and ninth causes of action insofar as asserted against them as time-barred. The fourth and fifth causes of action, alleging, respectively, breach of fiduciary duty and waste of business assets, seek money damages and are not founded on allegations of fraud. Thus, those causes of action are governed by the three-year limitations period applicable to injury to property (*see* CPLR 214 [4]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139-140 [2009]; *Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933 [2011]; *Monaghan v Ford Motor Co.*, 71 AD3d 848, 849-850 [2010]; *Yatter v Morris Agency*, 256 AD2d 260, 261 [1998]; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120-121 [1985], *affd* 67 NY2d 981 [1986]). Likewise, a three-year limitations period applies to the seventh cause of action, seeking damages for interference with contractual and business relations (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 92-93 [1993]; *Chung v Wang*, 79 AD3d 693, 694 [2010]; *Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47-48 [2009]; *Marine Midland Bank v Renck*, 208 AD2d 688 [1994]), and the ninth cause of action, alleging a conversion of certain assets (*see Davidson v Fasanella*, 269 AD2d 351, 352 [2000]; *Erdheim v Matkins*, 259 AD2d 515, 516 [1999]). Since all of the acts complained of allegedly took place in 2003, and the instant action was not commenced until 2009, the foregoing causes of action are time-barred. The plaintiff's conclusory claim that the appellants should be equitably estopped from relying on the statute of limitations defense is without merit (*see e.g. Reiner v Jaeger*, 50 AD3d 761, 762 [2008]; *Garcia v Peterson*, 32 AD3d 992, 992-993 [2006]).

That branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint to the extent that it asserts claims by the plaintiff in a shareholder derivative capac-

ity against them based on documentary evidence also should have been granted. The appellants produced uncontroverted documentary evidence conclusively establishing that the parties' former corporation was dissolved in 1996, some seven years before the alleged wrongdoing upon which the plaintiff sued. Accordingly, since he was not a shareholder at the time the alleged wrongs were committed, the plaintiff cannot maintain any claims in a shareholder's derivative capacity (*see* Business Corporation Law § 626 [b]; *see generally Independent Inv. Protective League v Time, Inc.*, 50 NY2d 259, 263 [1980]; *Kaplan v Queens Optometric Assoc.*, 293 AD2d 449, 450 [2002]).

The appellants' remaining contention is without merit. Mastro, A.P.J., Florio, Eng and Sgroi, JJ., concur.