MacKay v Paesano (2020 NY Slip Op 04155)





MacKay v Paesano


2020 NY Slip Op 04155


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-05055
 (Index No. 68232/14)

[*1]Frank MacKay, appellant, 
v
Michael Paesano, respondent, et al., defendant.


Sinnreich Kosakoff & Messina LLP, Central Islip, NY (Vincent J. Messina, Jr., and Michael Stanton of counsel), for appellant.
Spizz & Cooper, LLP, Mineola, NY (Harvey W. Spizz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated February 6, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Michael Paesano which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
According to the plaintiff, he entered into an oral joint venture agreement with the defendant Michael Paesano (hereinafter the defendant) in which the plaintiff would refer potential investors to the defendant, who would provide them with financial consulting services and investment opportunities for which the defendant would receive fees and commissions. In exchange for the plaintiff's referrals, the defendant allegedly agreed to pay the plaintiff an annual referral fee of 0.5% of all revenues generated from the plaintiff's referrals. The plaintiff alleges that he was never compensated by the defendant despite referring approximately 200 investors to him.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The Supreme Court granted that branch of the defendant's motion.
"The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses" (Mawere v Landau, 130 AD3d 986, 988 [internal quotation marks omitted]; see Clarke v Sky Express, Inc., 118 AD3d 935, 936). The plaintiff failed to state a cause of action based on a joint venture agreement because he failed to allege "a mutual promise or undertaking to share the burden of the losses of the alleged enterprise" (Rocchio v Biondi, 40 AD3d 615, 616). Moreover, the complaint failed to allege joint control over the purported enterprise (see Kaufman v Torkan, 51 AD3d 977). Since the complaint fails to make a showing sufficient to establish the existence of an enforceable joint venture agreement, it also fails to make a showing sufficient to establish the [*2]existence of a fiduciary obligation owed to the plaintiff by the defendant (see Kidz Cloz, Inc. v Officially For Kids, Inc., 320 F Supp 2d 164, 176 [SD NY]). Therefore, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible inference (see CPLR 3211[a][7]), we agree with the Supreme Court's determination to dismiss the causes of action alleging breach of a joint venture agreement and breach of fiduciary duty insofar as asserted against the defendant.
We agree with the Supreme Court's determination to dismiss the cause of action alleging breach of contract insofar as asserted against the defendant since enforcement of the alleged oral agreement is barred by the statute of frauds (see General Obligations Law § 5-701[a][10]; JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759). Similarly, the causes of action sounding in unjust enrichment and quantum meruit are barred by the statute of frauds (see Snyder v Bronfman, 13 NY3d 504).
Further, we agree with the Supreme Court's determination to dismiss the causes of action alleging fraudulent misrepresentation and promissory estoppel insofar as asserted against the defendant. Those causes of action are duplicative of the unenforceable breach of contract cause of action and, thus, constitute an impermissible attempt to circumvent the statute of frauds (see Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc., 175 AD3d 636; Gorman v Fowkes, 97 AD3d 726).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., AUSTIN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court