Roumi v Guardian Life Ins. Co. of Am. (2021 NY Slip Op 01079)





Roumi v Guardian Life Ins. Co. of Am.


2021 NY Slip Op 01079


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07686 
2018-11188
 (Index No. 517655/16)

[*1]Nessim Roumi, et al., appellants, 
v
Guardian Life Insurance Company of America, et al., respondents. Victorine Froehlich, Nyack, NY, for appellants.


Thompson Hine LLP, New York, NY (Constance M. Boland and Brian K. Steinwascher of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and violations of Insurance Law §§ 2123 and 4226, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated April 27, 2018, and (2) an order of the same court dated July 16, 2018. The order dated April 27, 2018, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint. The order dated July 16, 2018, denied the plaintiffs' motion for leave to renew and reargue their opposition to that branch of the defendants' motion. Justice Rivera has been substituted for former Justice Roman (see 22 NYCRR 1250.1[b]).
ORDERED that the order dated April 27, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated July 16, 2018, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507); and it is further,
ORDERED that the order dated July 16, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiffs, Nessim Roumi and Claudine Roumi, both purchased life insurance policies issued by the defendant Guardian Life Insurance Company of America (hereinafter Guardian). The Guardian policies were procured through an insurance broker, the defendant Aron Zelcer. The policy for Nessim Roumi was issued on October 6, 2010 (hereinafter the Nessim policy). The policy for Claudine Roumi was issued on May 12, 2010 (hereinafter the Claudine policy).
On October 6, 2016, the plaintiffs commenced this action against the defendants and, in a second amended complaint, asserted causes of action sounding in fraud, breach of fiduciary duty, [*2]and violations of Insurance Law §§ 2123 and 4226. The gravamen of the second amended complaint, which the Supreme Court treated as the operative pleading herein, was that Zelcer induced the plaintiffs to purchase the Nessim policy and the Claudine policy by misrepresenting that the policies would not incur annual premiums. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the second amended complaint. By order dated April 27, 2018, the court granted that branch of the defendants' motion, determining, among other things, that the first cause of action, which alleged violations of Insurance Law §§ 2123 and 4226, and the second cause of action, which alleged breach of fiduciary duty, were time-barred, and that the third cause of action, which alleged fraud, and the fourth cause of action, which alleged aiding and abetting fraud, failed to state a cause of action. The plaintiffs thereafter moved for leave to renew and reargue their opposition to the defendants' motion. By order dated July 16, 2018, the court denied the plaintiffs' motion. The plaintiffs appeal from both orders.
A cause of action based upon a violation of the Insurance Law is governed by a three-year statute of limitations (see CPLR 214[2]; Odierna v RSK, LLC, 171 AD3d 769, 771; Pike v New York Life Ins. Co., 72 AD3d 1043, 1047; Dolce v Northwestern Mut. Life Ins. Co., 272 AD2d 432). "New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). "Where the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property' within the meaning of CPLR 214(4), which has a three-year limitations period" (id. at 139). "Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213(1) applies" (id. at 139). "Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)" (id. at 139). The plaintiffs commenced this action on October 6, 2016, more than six years after they allegedly were induced by Zelcer to purchase the Nessim policy and the Claudine policy. Therefore, we agree with the Supreme Court's determination that the causes of action alleging violations of the Insurance Law and breach of fiduciary duty were time-barred (see id. at 139).
We further agree with the Supreme Court's determination that the causes of action alleging fraud with respect to Zelcer, and aiding and abetting Zelcer's alleged fraud with respect to Guardian, failed to state a cause of action. "A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Benjamin v Yeroushalmi, 178 AD3d 650, 654). "A plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations or silence where he [or she] has means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (Benjamin v Yeroushalmi, 178 AD3d at 654 [internal quotation marks omitted]). Here, the plaintiffs alleged that they relied solely on Zelcer's alleged misrepresentations without seeing or requesting to see copies of the subject insurance policies, and despite signing applications for the policies that contradicted Zelcer's alleged assurances that the policies would not have annual premiums associated with them. Since "the plaintiffs failed to adequately allege justifiable reliance, the cause[s] of action alleging fraud [and aiding and abetting fraud] . . . [were] subject to dismissal" (id. at 654).
We agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was for leave to renew. The plaintiffs failed to demonstrate that the purported new evidence they submitted in support of their motion was not available to them at the time of the prior motion, and failed to offer a reasonable excuse for failing to submit it on the prior motion (see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626).
RIVERA, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court