Deutsche Bank Natl. Trust Co. v Natal (2023 NY Slip Op 03334)

Deutsche Bank Natl. Trust Co. v Natal

2023 NY Slip Op 03334

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-11718
 (Index No. 515618/17)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Richard Natal, et al., defendants, Carmen Vasquez, respondent.

Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath and Ashley R. Newman of counsel), for appellant.
Brooklyn Legal Services NYC, Brooklyn, NY (Arthur Burkle of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 13, 2019. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Carmen Vasquez which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2006, the defendants Carmen Vasquez and Richard Natal executed a mortgage on residential property located in Brooklyn to secure a note executed by Natal on the same date in favor of Long Beach Mortgage Company (hereinafter Long Beach).
In November 2007, Long Beach commenced an action (hereinafter the prior action) against, among others, Vasquez, to foreclose the mortgage. In the complaint, Long Beach elected to declare the entire balance of the mortgage debt immediately due. In December 2013, Long Beach moved to discontinue the prior action, and the motion was granted in an order dated January 24, 2014.
In July 2017, the plaintiff commenced this action against Vasquez, among others, to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Vasquez. Vasquez opposed the motion and cross-moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. In an order dated July 13, 2019, the Supreme Court, among other things, granted that branch of Vasquez's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692; Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 692-693). If the [*2]defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Bank of N.Y. Mellon v Muriqi, 205 AD3d 667, 668; U.S. Bank N.A. v Martin, 144 AD3d 891, 892). Acceleration may occur, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire debt secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Deutsche Bank Trust Co. Ams. v Morocho, 202 AD3d 1055, 1058).
Here, Vasquez established that the six-year statute of limitations began to run on the entire debt in November 2007, when Long Beach accelerated the mortgage by commencing the prior action. Since the plaintiff did not commence this action until 2017, more than six years later, Vasquez sustained her initial burden of demonstrating, prima facie, that this action was untimely (see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d at 692; Bank of N.Y. Mellon Trust Co., N.A. v Bloom, 206 AD3d 871, 873). While Vasquez's motion papers also demonstrated that the prior action was voluntarily discontinued, the discontinuation was not effective to reset the limitations period (see CPLR 3217[e]; see also CPLR 203[h]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff is estopped from asserting that the mortgage was not validly accelerated in the prior action, since the prior action was discontinued without an expressed judicial determination that the mortgage was not validly accelerated (see CPLR 213[4][a]).
Accordingly, the Supreme Court properly granted that branch of Vasquez's cross-motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court