Kefalas v Pappas (2024 NY Slip Op 01912)

Kefalas v Pappas

2024 NY Slip Op 01912

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-00234
 (Index No. 610245/20)

[*1]Vassilios Kefalas, respondent-appellant, 
v
Petros Alexandros Pappas, et al., appellants-respondents, et al., defendants.

Crosby & Higgins LLP, New York, NY (Todd A. Higgins of counsel), for appellants-respondents.
Kordas & Marinis, LLP (Rosenberg Calica & Birney LLP, Garden City, NY [Edward M. Ross], of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for breach of an oral joint venture agreement, the defendants Petros Alexandros Pappas and Milena Maria Pappa appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated November 30, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendants Petros Alexandros Pappas and Milena Maria Pappa which were pursuant to CPLR 3211(a) to dismiss the first, fourth, and fifth causes of action insofar as asserted against them. The order, insofar as cross-appealed from, granted those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In February 2021, the plaintiff commenced this action against the defendant Petros Alexandros Pappas and his daughter, the defendant Milena Maria Pappa (hereinafter together the defendants), among others. According to the complaint, beginning in 2009, the plaintiff and Pappas orally "entered into a widespread and confidential business and profit-sharing arrangement and fiduciary relationship with respect to various shipping and real estate businesses and opportunities." In addition, the joint venture allegedly encompassed two real estate development projects located in Nassau County, which began in 2004. In April 2011, the plaintiff requested that Pappas "prepare a legal document to reflect [their] agreements." In March 2015, the plaintiff requested a face-to-face meeting with Pappas to discuss their "many open issues." When the plaintiff and Pappas finally met in November 2019, Pappas allegedly "exclaimed that 'he didn't remember anything' and 'would only go by whatever is shown in the papers.'" The plaintiff alleges that the defendants and their employees misappropriated millions of dollars from the alleged joint venture and failed to provide an accounting of the alleged joint venture's profits.
The first cause of action is to recover damages for breach of the oral joint venture agreement "including, but not limited to," (1) 40% of the profits of the now-defunct Oceanbulk [*2]Shipping & Trading (hereinafter OBST) for the two years following its 2009 acquisition by a nonparty, Octagon Maritime Holdings Corp.; (2) one third profit-sharing interest in the now-defunct Royce Research Limited (hereinafter Royce); (3) 12.5% of the profits realized upon the redevelopment or sale of a property located on Maiden Lane in Manhattan (hereinafter the Maiden Lane property), as well as an additional monthly sum and reasonable expenses incurred until the property was redeveloped and/or sold; and (4) 11% profit-sharing interest in relation to two Supramax vessels. The second cause of action is to recover damages for breach of fiduciary duty with respect to the alleged joint venture. The third cause of action is to recover damages from Pappa, among others, for aiding and abetting the alleged breach of fiduciary duty by Pappas. The fourth cause of action is for an accounting. The fifth cause of action is to recover damages for unjust enrichment.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(3), (5), and (7) to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated November 30, 2021, the Supreme Court denied those branches of the defendants' motion which were to dismiss the first, fourth, and fifth causes of action insofar as asserted against them and granted those branches of the motion which were to dismiss the second and third causes of action insofar as asserted against them. The defendants appeal, and the plaintiff cross-appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in [a] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "However, such favorable treatment is not limitless, and dismissal is warranted if the plaintiff fails to assert facts in support of elements of the claim" (O'Neill v Wilder, 204 AD3d 823, 823-824). "'[A]llegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration'" (Simkin v Blank, 19 NY3d 46, 52, quoting Maas v Cornell Univ., 94 NY2d 87, 91). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142).
"[A]ffidavits may be used freely to preserve inartfully pleaded . . . but potentially meritorious claims" (Rovello v Orofino Realty Co., 40 NY2d 633, 635), and "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 872, quoting Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"A joint venture is 'an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge'" (Kaufman v Torkan, 51 AD3d 977, 979, quoting Williams v Forbes, 175 AD2d 125, 126). "It is in a sense a partnership for a limited purpose, and it has long been recognized that the legal consequences of a joint venture are equivalent to those of a partnership" (Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565). "'The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise[,] and a provision for the sharing of profits and losses'" (MacKay v Paesano, 185 AD3d 915, 915-916, quoting Mawere v Landau, 130 AD3d 986, 988). "An agreement to enter into a joint venture may be oral and may be inferred from the totality of the parties' conduct in performance of the joint venture" (Calcagno v Graziano, 200 AD3d 1248, 1252). "An agreement to distribute the proceeds of an enterprise upon a percentage basis does not give rise to a joint venture if the enterprise does [*3]not represent a joinder of property, skills and risks" (Matter of Steinbeck v Gerosa, 4 NY2d 302, 317), and "it is not enough that two parties have agreed together to act in concert to achieve some stated economic objective" (id. at 317 [internal quotation marks omitted]).
Here, the plaintiff failed to state a cause of action to recover damages for breach of a joint venture agreement with regard to the OBST, Royce, and Supramax vessels transactions (see id. at 317-318; MacKay v Paesano, 185 AD3d at 916; Mawere v Landau, 130 AD3d at 988). The pleadings and other evidentiary material submitted failed to describe those transactions as anything other than profit-sharing agreements. As the plaintiff failed to allege "a mutual promise or undertaking to share the burden of the losses of the alleged enterprise[s]," he failed to state a cause of action based on a joint venture agreement with regard to the OBST, Royce, and Supramax vessels transactions (MacKay v Paesano, 185 AD3d at 916 [internal quotation marks omitted]).
However, the defendants' evidentiary submissions demonstrated that the plaintiff stated a cause of action to recover damages for breach of a joint venture agreement with regard to the Maiden Lane property transaction. Pappas, in an affidavit that he submitted in support of the defendants' motion, admitted that he and the plaintiff entered into a joint venture agreement to acquire and redevelop the Maiden Lane property (see Benjamin v Yeroushalmi, 212 AD3d 758, 760).
Therefore, the Supreme Court properly denied dismissal of the first cause of action pursuant to CPLR 3211(a)(7) insofar as asserted against the defendants.
The Supreme Court also properly denied dismissal of the first cause of action pursuant to CPLR 3211(a)(3) on the basis of lack of standing insofar as asserted against the defendants. As the plaintiff stated a cause of action based on a joint venture agreement with regard to the Maiden Lane property transaction, the plaintiff has standing to bring this action in his individual capacity, as he alleged that the corporations were mere conduits (see Rinaldi v Casale, 13 AD3d 603, 605).
Moreover, the Supreme Court properly denied dismissal of the first cause of action pursuant to CPLR 3211(a)(5) as barred by the statute of frauds insofar as asserted against the defendants, as "the statute of frauds is generally inapplicable to an agreement to create a joint venture" (Foster v Kavner, 44 AD3d 23, 27; see Mendelovitz v Cohen, 66 AD3d 849, 850).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Deutsche Bank Natl. Trust Co. v Natal, 217 AD3d 835, 836). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. at 836). The statute of limitations for an action upon a contractual obligation or liability, express or implied, is six years (see CPLR 213[2]; Rabinowitz v Grosso, 216 AD3d 822, 823; Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 733). Furthermore, "[u]nder New York law, there is no identified statute of limitations period within which to bring a claim for unjust enrichment, but where, as here, the unjust enrichment and breach of contract claims are based upon the same facts and pleaded in the alternative, a six-year statute of limitations applies" (Maya NY, LLC v Hagler, 106 AD3d 583, 585). "Generally, 'a breach of contract cause of action accrues at the time of the breach'" (Fairlane Fin. Corp. v Scipione, 174 AD3d 577, 578, quoting Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Here, the defendants established that the causes of action to recover damages for breach of a joint venture agreement and unjust enrichment with respect to the Maiden Lane property transaction were time-barred by submitting, inter alia, the complaint, which alleges that the Maiden Lane property was sold in 2013, more than six years before the commencement of this action. However, the plaintiff raised a question of fact by submitting, among other things, March 2015 emails discussing the dissolution of certain entities employed by the joint venture and a December 2019 tolling agreement executed by the plaintiff and Pappas.
Moreover, the defendants failed to establish that the cause of action for an accounting with regard to the Maiden Lane property transaction was time-barred. An action for an accounting accrues when, inter alia, there is an open repudiation of a fiduciary's obligation and is governed by a six-year statute of limitations (see Matter of Eisdorfer, 188 AD3d 674, 676; Evangelista v Mattone, 44 AD3d 704, 705). Here, the defendants failed to establish that Pappas openly repudiated his fiduciary obligations so as to commence the running of the statute of limitations.
Accordingly, the Supreme Court properly denied dismissal of the first cause of action, to recover damages for breach of an oral joint venture agreement, the fourth cause of action, for an accounting, and the fifth cause of action, to recover damages for unjust enrichment, pursuant to CPLR 3211(a)(5) as time-barred insofar as asserted against the defendants.
Contrary to the plaintiff's contention, however, the Supreme Court properly granted dismissal of the second and third causes of action, alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty, respectively, pursuant to CPLR 3211(a)(5) as time-barred insofar as asserted against the defendants. "New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks" (Roumi v Guardian Life Ins. Co. of Am., 191 AD3d 911, 912 [internal quotation marks omitted]). "Where the remedy sought is purely monetary in nature, courts construe the suit as alleging injury to property within the meaning of CPLR 214(4), which has a three-year limitations period" (id. at 912-913 [internal quotation marks omitted]). "Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)" (id. at 913 [internal quotation marks omitted]). "A cause of action alleging breach of fiduciary duty accrues at the time of the alleged breach" (Jadidian v Goldstein, 210 AD3d 969, 970 [alterations and internal quotation marks omitted]). Here, the second and third causes of action are subject to the three-year statute of limitations, since they merely seek monetary damages and are not based on an allegation of fraud. The statute of limitations began to run in 2013, when the plaintiff alleges that Pappas "creat[ed] a 'fire sale' atmosphere" by procuring a second broker. Since the plaintiff did not commence the instant action until 2021, the second and third causes of action are time-barred. The allegation in the complaint that Pappas violated his fiduciary duty by, inter alia, "creating a 'fire sale' atmosphere" to obtain cash for a separate project is not based on fraud, where the plaintiff was "vested with the vast majority of the managerial and supervisory duties and responsibilities over the redevelopment or sale," including the "filing of tax returns, dissolution of the entities, and the winding up of the project's affairs" (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139; Roumi v Guardian Life Ins. Co. of Am., 191 AD3d at 912-913).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, fourth, and fifth causes of action insofar as asserted against them and granted those branches of the motion which were to dismiss the second and third causes of action insofar as asserted against them.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court