Berejka v Huntington Med. Group, P.C. (2025 NY Slip Op 00942)

Berejka v Huntington Med. Group, P.C.

2025 NY Slip Op 00942

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-07107
 (Index No. 610922/21)

[*1]John Berejka, etc., respondent, 
v
Huntington Medical Group, P.C., et al., appellants, et al., defendants.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Andrew S. Lewner of counsel), for appellants Huntington Medical Group, P.C., Humgro Associates, LLC, Raman Bhasin, Karen Filiberto, and Salvatore Calderera.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Michael A. Sonkin, and Gabrielle F. Murray of counsel), for appellant NYU Langone Health.
Goldberg Segalla, LLP, New York, NY (Christopher F. Lyon and James M. Specyal of counsel), for appellant Michael Wasileski.
Schwartz, Conroy & Hack, P.C., Garden City, NY (Evan Schwartz, Stephen H. Broer, and Matthew Conroy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant NYU Langone Health appeals, the defendant Michael Wasileski separately appeals, and the defendants Huntington Medical Group, P.C., Humgro Associates, LLC, Raman Bhasin, Karen Filiberto, and Salvatore Calderera separately appeal, from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 21, 2022. The order, insofar as appealed from by the defendant NYU Langone Health, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action insofar as asserted against it. The order, insofar as appealed from by the defendant Michael Wasileski, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him. The order, insofar as appealed from by the defendants Huntington Medical Group, P.C., Humgro Associates, LLC, Raman Bhasin, Karen Filiberto, and Salvatore Calderera, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third, fifth, sixth, seventh, eighth, tenth, eleventh, and fourteenth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant NYU Langone Health which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying the motion of the defendant Michael Wasileski pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him, and substituting therefor a provision granting the motion, and (3) by deleting the provision thereof denying those branches of the motion of the defendants Huntington Medical Group, P.C., Humgro Associates, LLC, Raman Bhasin, Karen [*2]Filiberto, and Salvatore Calderera which were pursuant to CPLR 3211(a) to dismiss the third, sixth, seventh, eighth, tenth, eleventh, and fourteenth causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs.
In 2003, Diane Moriarty became a shareholder of the defendant Huntington Medical Group, P.C. (hereinafter HMG), a medical practice, and a member of the defendant Humgro Associates, LLC (hereinafter the LLC), a limited liability company that owned the real property where HMG operated its medical practice. On April 28, 2015, the defendant NYU Langone Health (hereinafter NYU), HMG, and Humgro entered into an agreement to integrate HMG into the operations of NYU.
In June 2021, the plaintiff, as executor of Moriarty's estate, individually, and derivatively on behalf of HMG and Humgro, commenced this action, inter alia, to recover damages for breach of fiduciary duty. The plaintiff asserted causes of action against, among others, NYU; HMG; Humgro; the defendant Michael Wasileski, the accountant for HMG and NYU; and the defendants Raman Bhasin, Karen Filiberto, and Salvatore Calderera, who were, among other things, officers or directors of HMG. The amended complaint alleged, inter alia, that as a result of the "misconduct" and "self-dealing" of the defendants, the value of Moriarty's shares in HMG had decreased substantially.
Thereafter, NYU moved pursuant to CPLR 3211(a) to dismiss the sixth, ninth, twelfth, and thirteenth causes of action insofar as asserted against it. Wasileski moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him. HMG, Humgro, Bhasin, Filiberto, and Calderera (hereinafter collectively the HMG defendants) moved pursuant to CPLR 3211(a) to dismiss the third through fourteenth causes of action insofar as asserted against them. In an order dated July 21, 2022, the Supreme Court, among other things, (1) denied that branch of NYU's motion which was to dismiss the sixth cause of action insofar as asserted against it, (2) denied Wasileski's motion, and (3) denied those branches of the HMG defendants' motion which were to dismiss the third, fifth, sixth, seventh, eighth, tenth, eleventh, and fourteenth causes of action insofar as asserted against them. NYU, Wasileski, and the HMG defendants separately appeal.
The Supreme Court should have granted that branch of NYU's motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, alleging breach of fiduciary duty, insofar as asserted against it as time-barred. "'New York law does not provide a single statute of limitations for breach of fiduciary duty claims'" (Roumi v Guardian Life Ins. Co. of Am., 191 AD3d 911, 912, quoting IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). Rather, "[t]he statute of limitations for a cause of action sounding in breach of fiduciary duty is dependent on the relief sought" (Loeuis v Grushin, 126 AD3d 761, 764). Generally, "[a] cause of action [alleging] breach of fiduciary duty is governed by a six-year statute of limitations where the relief sought is equitable in nature (see CPLR 213[1]), or by a three-year statute of limitations where the only relief sought is money damages (see CPLR 214[4])" (Wiesenthal v Wiesenthal, 40 AD3d 1078, 1079; see Weiss v TD Waterhouse, 45 AD3d 763, 764). "Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)" (Roumi v Guardian Life Ins. Co. of Am., 191 AD3d at 913 [internal quotation marks omitted]). "The statute of limitations for a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (Loeuis v Grushin, 126 AD3d at 764; see Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759).
Here, the sixth cause of action was subject to a three-year statute of limitations since the relief sought was monetary in nature and was not based on an allegation of fraud. The statute of limitations for the sixth cause of action began to run on June 1, 2015, when NYU failed to provide health insurance coverage to Moriarty and her family. Since the plaintiff did not commence this action until June 2021, more than three years later, the Supreme Court should have granted dismissal [*3]of the sixth cause of action insofar as asserted against NYU as time-barred (see Pursnani v Stylish Move Sportswear, Inc., 92 AD3d 663, 664).
The Supreme Court should have granted dismissal of the fifth cause of action, alleging breach of fiduciary duty, the seventh cause of action, alleging constructive fraud, and the ninth cause of action, seeking to impose a constructive trust, insofar as asserted against Wasileski. These causes of action were predicated on the existence of a fiduciary relationship between the parties, and the amended complaint failed to plead facts demonstrating that Wasileski had a fiduciary relationship with Moriarty or the plaintiff (see Swartz v Swartz, 145 AD3d 818, 825; Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141; Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 915). Since all of the underlying torts against Wasileski must be dismissed, the fourteenth cause of action, alleging civil conspiracy, must also be dismissed insofar as asserted against him, since there remains no underlying tort upon which a conspiracy cause of action could be based (see Commercial Realty Servs. of Long Is., Inc. v Mehran Enters., Ltd., 194 AD3d 1008, 1011).
The Supreme Court also should have granted dismissal of the eighth cause of action, seeking common-law dissolution of corporations, and the tenth cause of action, alleging failure to declare dividends, insofar as asserted against Wasileski, since he is not a proper defendant under those causes of action (see Gordon v Elliman, 306 NY 456, 460; Matter of Sternberg [Osman], 181 AD2d 897, 897-898).
Further, the Supreme Court should have granted dismissal of the third cause of action, a derivative cause of action pursuant to Business Corporation Law § 626, insofar as asserted against Wasileski, Bhasin, Filiberto, and Calderera, and the tenth cause of action insofar as asserted against the HMG defendants, since the plaintiff failed to plead that demand was made that HMG's directors commence an action with respect to these causes of action or to plead facts demonstrating that such a demand would have been futile (see id. § 626[c]; Griffith v Medical Quadrangle, 5 AD3d 151, 152).
Additionally, the Supreme Court should have granted dismissal of the seventh cause of action, alleging constructive fraud, insofar as asserted against the HMG defendants. "In order to recover damages for constructive fraud, the following elements must be established: that (1) a representation was made, (2) the representation dealt with a material fact, (3) the representation was false, (4) the representation was made with the intent to make the other party rely upon it, (5) the other party did, in fact, rely on the representation without knowledge of its falsity, (6) injury resulted and (7) the parties are in a fiduciary or confidential relationship" (Del Vecchio v Nassau County, 118 AD2d 615, 617-618; see City of Long Beach v Agostisi, 221 AD3d 776, 778). Here, the plaintiff failed to allege with sufficient specificity that the HMG defendants made a representation, false or otherwise, to Moriarty (see Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 172 AD3d 960, 962).
The Supreme Court also should have granted dismissal of the sixth cause of action, alleging breach of fiduciary duty, insofar as asserted against HMG, Bhasin, Filiberto, and Calderera as time-barred, for the same reasons previously set forth herein with regard to dismissal of this cause of action insofar as asserted against NYU (see Pursnani v Stylish Move Sportswear, Inc., 92 AD3d at 664).
Further, the Supreme Court should have granted dismissal of the eighth cause of action, seeking common-law dissolution of corporations, insofar as asserted against Bhasin, Filiberto, and Calderera, as the plaintiff failed to allege conduct necessary to sustain the cause of action (see generally Leibert v Clapp, 13 NY2d 313, 316-318; Ferolito v Vultaggio, 99 AD3d 19, 28-29).
The Supreme Court should have granted dismissal of the eleventh cause of action, for repurchase of Moriarty's shares, insofar as asserted against HMG, since that cause of action merely demands relief requested in the other causes of action (see generally Berry v Wallerstein, 219 AD3d 924, 926).
In addition, the Supreme Court should have granted dismissal of the fourteenth cause of action, alleging civil conspiracy, insofar as asserted against the HMG defendants. The amended complaint only alleged bare, conclusory allegations that the HMG defendants engaged in a conspiracy to devalue Moriarty's interest in HMG and Humgro, as well as to deprive her of healthcare insurance (see Kovkov v Law Firm of Dayrel Sewell, PLLC, 182 AD3d 418, 418; see generally High Tides, LLC v DeMichele, 88 AD3d 954, 960).
However, the Supreme Court properly denied that branch of the HMG defendants' motion which was to dismiss the fifth cause of action, alleging breach of fiduciary duty, insofar as asserted against Bhasin, Filiberto, and Calderera. Contrary to the contentions of the HMG defendants, that cause of action was pleaded with sufficient particularity (see CPLR 3016[b]; Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc., 211 AD3d 786, 789).
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court