IPA Asset Mgt., LLC v Schuman (2025 NY Slip Op 03314)

IPA Asset Mgt., LLC v Schuman

2025 NY Slip Op 03314

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-00344
 (Index No. 605520/20)

[*1]IPA Asset Management, LLC, appellant,
v
Brian Schuman, et al., respondents, et al., defendant. NY Litigation Group, PLLC (Christopher Thompson, West Islip, NY, of counsel), for appellant.

Sunshine, Isaacson & Hecht, LLP (Jeffrey A. Sunshine and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a joint venture agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated November 17, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Brian Schuman, No. Nebraska Realty, LLC, 7 Harding Realty, LLC, 27 Washington Realty, LLC, and Washington New Realty, LLC, which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of a joint venture agreement, breach of fiduciary duty, conversion, fraudulent inducement, and promissory estoppel, to impose a constructive trust upon certain property, to impose equitable mortgages upon certain properties, for rescission of certain deeds, and for declaratory relief insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Brian Schuman and the defendants No. Nebraska Realty, LLC, 7 Harding Realty, LLC, 27 Washington Realty, LLC, and Washington New Realty, LLC (hereinafter collectively with Schuman, the defendants), limited liability companies of which Schuman served as the managing member, and another defendant, inter alia, to recover damages for breach of a joint venture agreement. In an amended complaint, the plaintiff asserted various causes of action against the defendants, including, among other things, causes of action to recover damages for breach of a joint venture agreement, conversion, and fraudulent inducement. The plaintiff alleged in the amended complaint that, as part of a purported joint venture to establish a like-kind exchange pursuant to the Internal Revenue Code (26 USC § 1031), the plaintiff agreed to sell certain real properties (hereinafter the subject properties) to the defendants for the total purchase price of approximately $2.8 million as reflected in certain contracts of sale. According to the plaintiff, the defendants were unable to pay the full purchase price and, as a result, the plaintiff agreed to loan the defendants the "shortfall" in furtherance of the alleged joint venture. The plaintiff asserted that, as a means of repaying the loan, the defendants agreed to sell some of the subject properties and, as partners with the plaintiff, to invest the sale proceeds therefrom into the development of a separate property so as to render that property "income producing." The plaintiff alleged that, after deeds for each of the subject properties were delivered [*2]to the defendants, the defendants failed to invest the aforementioned sale proceeds as they had agreed to do.
In July 2020, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated November 17, 2020, the Supreme Court, among other things, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of a joint venture agreement, breach of fiduciary duty, conversion, fraudulent inducement, and promissory estoppel, to impose a constructive trust on one of the subject properties, to impose equitable mortgages on several of the subject properties, for rescission of the deeds of several of the subject properties, and for declaratory relief insofar as asserted against them. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732 [internal quotation marks omitted]; see Weill v East Sunset Park Realty, LLC, 101 AD3d 859, 859). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Nyari v Onefater, 171 AD3d 936, 937 [internal quotation marks omitted]; see Truesource, LLC v Niemeyer, 223 AD3d 694, 695). "The court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint when assessing a motion pursuant to CPLR 3211(a)(7)" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664).
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [citations and internal quotation marks omitted]). "Conversely, letters, emails, and . . . affidavits, do not meet the requirements for documentary evidence. An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit" (Phillips v Taco Bell Corp., 152 AD3d 806, 807 [citations omitted]).
"A joint venture is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge" (Kefalas v Pappas, 226 AD3d 757, 760 [internal quotation marks omitted]). "The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise[,] and a provision for the sharing of profits and losses" (MacKay v Paesano, 185 AD3d 915, 915-916 [internal quotation marks omitted]). "An agreement to enter into a joint venture may be oral and may be inferred from the totality of the parties' conduct in performance of the joint venture" (Calcagno v Graziano, 200 AD3d 1248, 1252).
Here, contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of a joint venture agreement insofar as asserted against them for failure to state a cause of action. Even assuming that the alleged arrangement forming the basis of that cause of action should be considered a joint venture as opposed to a loan (see Adar Bays, LLC [*3]v GeneSYS ID, Inc., 37 NY3d 320, 334-334), the plaintiff, in either the amended complaint or in an affidavit submitted in opposition to the defendants' motion, failed to allege facts establishing a mutual promise or undertaking with one or more of the defendants to share profits and losses, as required to demonstrate the existence of a joint venture agreement (see Kefalas v Pappas, 226 AD3d at 760; MacKay v Paesano, 185 AD3d at 916).
In any event, even assuming that the plaintiff adequately pleaded a cause of action to recover damages for breach of a joint venture agreement, the defendants submitted documentary evidence utterly refuting the allegations supporting that cause of action, thereby warranting dismissal thereof pursuant to CPLR 3211(a)(1) (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 597). In support of their motion, the defendants submitted, among other things, the contracts of sale for the subject properties, which constituted documentary evidence (see Yan Ping Xu v Van Zwienen, 212 AD3d at 874). Each of the contracts, which contained essentially the same provisions, stated (1) the purchase price for the relevant property; (2) the manner in which the balance due at closing must be paid, without mentioning a loan; (3) that the parties were "intentionally omitt[ing]" any provision for a purchase money mortgage; (4) that the closing would constitute "settlement of the obligations of" the contracting parties "to each other under [the] contract, including the payment of the purchase price"; and, notably, (5) that "[a]ll prior understandings, agreements, representations[,] and warranties, oral or written, . . . [w]ere merged in [each] contract," which constituted the "full agreement" between the relevant parties as pertaining to each of the subject properties. Upon review of the contracts of sale, the Supreme Court correctly concluded, in effect, that the merger clauses contained therein precluded the plaintiff "from presenting evidence of an alleged prior oral agreement between the parties regarding the same subject matter" (Denenberg v Schaeffer, 137 AD3d 1197, 1198; see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 599-600; Torres v D'Alesso, 80 AD3d 46, 53).
Since the fiduciary duties the defendants allegedly owed to the plaintiff were "founded upon duties owed under the [purported] . . . joint venture relationship" (Delaney v Weston, 66 AD3d 519, 520), the defendants were also entitled to dismissal of the causes of action to recover damages for breach of fiduciary duty and to impose constructive trusts on certain of the subject properties insofar as asserted against them (see MacKay v Paesano, 185 AD3d at 916; Rocchio v Biondi, 40 AD3d 615, 616).
In addition, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for promissory estoppel and fraudulent inducement and to impose equitable mortgages on certain of the subject properties insofar as asserted against them. The existence and terms of the contracts of sale utterly refuted the plaintiff's factual allegations supporting those causes of action (see Pickard v Campbell, 207 AD3d 1105, 1109; Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 914; Newcomb v Sims, 63 AD3d 1022, 1023).
Finally, the Supreme Court correctly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for conversion insofar as asserted against them, among other reasons, because the plaintiff failed to allege facts sufficient to demonstrate that it had control over the sale proceeds realized from the sale of one of the subject properties (see Castaldi v 39 Winfield Assoc., 30 AD3d 458, 458-459; Hochman v LaRea, 14 AD3d 653, 655).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court