■ MICHAEL G. DUDICK, Respondent, v JOSEPH S. GULYAS, Appellant. [716 NYS2d 407] —Mugglin, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 24,

1999 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant are licensed chiropractors with offices in the Town of Clifton Park, Saratoga County. In early 1992, Allstate Insurance Company retained plaintiff to do an independent medical examination (hereinafter IME) for one of its no-fault benefit recipients. The recipient in question had received approximately 40 treatments from defendant for cervical and lumbar strain sustained in an automobile accident. Based upon the results of the IME performed by plaintiff, Allstate denied further no-fault benefits. Shortly thereafter, defendant complained to Allstate concerning the methods employed by plaintiff in conducting the IME, made reports of plaintiff's alleged conduct to the New York State Chiropractic Association Ethics Committee and the Insurance Department, and, in November 1992, filed a letter of complaint concerning plaintiff with the Office of Professional Discipline.

After an investigation and hearing on charges prepared by this office, a hearing panel, on January 17, 1997, found plaintiff not guilty and recommended dismissal of all charges. On September 19, 1997, the Board of Regents accepted the recommendation and dismissed the charges. Plaintiff initiated this action seeking damages from defendant for malicious prosecution on December 18, 1997. Defendant sought summary judgment dismissing the complaint alleging that, as a matter of law, plaintiff was unable to establish any genuine triable issue of fact concerning several elements of the malicious prosecution cause of action. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. To establish a cause of action for malicious prosecution, the plaintiff must show (1) initiation of a proceeding, (2) termination favorable to the plaintiff, (3) lack of probable cause, and (4) malice (*see, Colon v City of New York*, 60 NY2d 78, 82). With respect to the first element, plaintiff produced evidence that defendant, and not his patient who signed the letter, actually authored the letter which formed the foundation for the complaint against plaintiff. Moreover, plaintiff produced evidence that defendant took an active role in the investigation and testified as an expert witness for the prosecution. This evidence is sufficient to raise an issue of fact concerning defendant's role in the initiation of the proceeding (*see, Viza v Town of Greece*, 94 AD2d 965).

Clearly, the proceedings terminated favorably for plaintiff upon the dismissal of all charges. Plaintiff also made a prima facie showing of lack of probable cause by demonstrating that

the hearing panel found the testimony of the supposed author of the letter (defendant's patient) to be incredible. As to the element of malice, plaintiff has submitted sufficient evidence to raise an issue of fact by offering sworn testimony and documentary evidence that defendant bore a grudge against him, attempted to have Allstate select a different chiropractor prior to the examination of his patient by plaintiff, and attempted to injure plaintiff's business by spreading rumors of his incompetence. Additionally, plaintiff produced like evidence that defendant solicited statements against him from another chiropractor and interfered in plaintiff's attempt to establish business relationships with companies seeking IMEs.

Next, defendant argues that plaintiff's complaint should be dismissed because his report to the Office of Professional Discipline is subject to an absolute privilege. We find no support for this proposition. To the extent that Education Law §§ 6505-a and 6510 (7) apply to the facts of this case, they confer only a qualified privilege, dependent on the absence of actual malice. As already demonstrated, however, plaintiff has submitted sufficient evidence to raise an issue of fact concerning actual malice.

Next, we find no merit to defendant's argument that the complaint should be dismissed for failure to allege special injury. Proof of a special injury is a necessary element of a malicious prosecution claim (see, Engel v CBS, Inc., 93 NY2d 195, 198). A special injury includes "a highly substantial and identifiable interference with person, property, or business" and must entail "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (id., at 205). Here, as amplified by the bill of particulars, plaintiff sufficiently alleges special injury of the loss of IME business as a direct result of defendant's conduct, thus satisfying this element of a malicious prosecution claim.

Lastly, defendant argues that to the extent that the complaint alleges damages to plaintiff's good name and reputation, it should be dismissed as barred by the one-year Statute of Limitations for defamation actions. This argument overlooks the fact that damages for harm to reputation are recoverable in a malicious prosecution action (see, Ford Motor Credit Co. v Hickey Ford Sales, 62 NY2d 291, 303-304; Halberstadt v New York Life Ins. Co., 194 NY 1, 7). The Statute of Limitations in a malicious prosecution action begins to run when the underlying action terminates in plaintiff's favor (see, Campo v Wolosin, 211 AD2d 660). Since this action was commenced on December

18, 1997, and the underlying action terminated in plaintiff's favor on September 19, 1997, plaintiff commenced this action well within the one-year Statute of Limitations (*see*, CPLR 215 [3]).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.