■ PATRICK J. THOMAS, Respondent-Appellant, v G2 FMV, LLC, et al., Appellants-Respondents. [48 NYS3d 358]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 10, 2016, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motions as sought to dismiss the claims for malicious prosecution and defamation as against G2 FMV, LLC, Jonathan Todd Morley, and Dori Vicken Karjian and the indemnification claim in connection with the malicious prosecution claim, and granted so much of the motion as sought to dismiss the claims for punitive damages and indemnification in connection with the defamation claim, unanimously affirmed, with costs.

Plaintiff alleges that, for improper purposes, defendants brought an action for a declaration that he resigned from G2 Investment Group, LLC without "Good Reason" under G2 FMV, LLC's operating agreement.

The complaint states a cause of action for malicious prosecution (*see Facebook, Inc. v DLA Piper LLP [US]*, 134 AD3d 610, 613 [1st Dept 2015], *lv denied* 28 NY3d 903 [2016]). It pleads the absence of probable cause by alleging that no person of ordinary care and prudence would believe that plaintiff was not entitled to resign under the terms of the operating agreement (*see id.* at 613-614). It pleads malice by alleging that defendants brought the declaratory judgment action for the purpose of silencing plaintiff as a whistle blower, causing damage to his reputation, and wrongfully denying him fair market value for his shares in G2 FMV (*see Nardelli v Stamberg*, 44 NY2d 500, 502-503 [1978]). It pleads "special injury" by alleging with particularity that plaintiff had a consulting arrangement with Forbes Private Capital Group, LLC, and was terminated as a direct result of the allegations in the complaint in the declaratory judgment action (*see Dudick v Gulyas*, 277 AD2d 686, 688 [3d Dept 2000]; *Dermigny v Siebert*, 79 AD3d 460 [1st Dept 2010]).

The complaint states a cause of action for defamation (*see Dillon v City of New York*, 261 AD2d 34, 37-38 [1st Dept 1999]).

Because the declaratory judgment action was "a sham action," defendants are not entitled to the protection of the absolute judicial privilege (*see Flomenhaft v Finkelstein*, 127 AD3d 634, 638 [1st Dept 2015]). Defendants' allegations that they had "Cause" under the operating agreement to terminate plaintiff, but decided not to do so, have no bearing on the issue of "Good Reason." Nor, contrary to defendants' contention, did plaintiff consent to publication of the defamatory statements by opposing defendants' motion to seal the complaint in the declaratory judgment action. However, defendants' conduct as alleged does not meet the standard for an award of punitive damages (*see Morsette v "The Final Call"*, 309 AD2d 249, 254 [1st Dept 2003], *lv dismissed* 5 NY3d 756 [2005]; *see also Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]).

The complaint states causes of action for malicious prosecution and defamation as against the individual defendants who served as corporate officers by alleging that those defendants participated in the commission of the torts (*see Board of Mgrs. of the S. Star v WSA Equities, LLC*, 140 AD3d 405 [1st Dept 2016]).

The indemnification claim was correctly sustained with respect to the malicious prosecution claim and dismissed with respect to the defamation claim. The indemnification provision in the operating agreement covers claims arising out of plaintiff's status as a member of G2 FMV; the declaratory judgment action was brought to preclude plaintiff from collecting the fair market value of his units as a member of G2 FMV. However, the provision does not apply to claims arising out of plaintiff's status as an employee of G2 Investment Group, and the defamation claim is based upon plaintiff's actions as the chief operating officer of G2 Investment Group. Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.