■ Yoon Jung Kim, Respondent, v Gahee An et al., Appellant, et al., Defendants. [55 NYS3d 210]—

---

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about June 10, 2015, which, inter alia, granted plaintiff's motion for summary judgment on her cause of action for mortgage foreclosure, and denied defendants' cross motion to consolidate this foreclosure action with a related, plenary action, unanimously reversed, on the law, without costs, the motion for summary judgment denied, and the cross motion to consolidate granted.

Plaintiff commenced an action in August 2012 alleging that defendants Gahee An and her husband Chang Tae Seo, and others, defrauded her through an investment scheme and were liable for related business torts. The eleventh cause of action in the complaint sought recovery on a promissory note in the amount of $609,000 that defendants had allegedly executed and delivered to plaintiff. In their verified answer, defendants admitted that they signed the note but asserted that it was unenforceable because it was the product of duress.

In a counterclaim, defendant An alleged that she had loaned plaintiff $600,000 for a college preparatory school that plaintiff owned and operated, and that plaintiff promised An a percentage of the tuition from students that An referred to the school and a share in an investment fund that plaintiff was starting. When the finances of the school plummeted and plans for the investment fund had to be abandoned, defendants asserted, plaintiff promised An the remaining portion of the money deposited in the investment fund. However, An alleged, plaintiff later changed her mind, and on February 7, 2012 called An and accused her of being a criminal, stating, "I want your house." Plaintiff (who was An's trusted friend) then told An to meet her at plaintiff's office to sign some papers. The papers turned out to be a note and a mortgage on a condominium that defendants owned. According to the counterclaim, plaintiff harassed, threatened, and harangued An for four hours, telling An throughout the evening that if she did not sign the documents she would be sent to prison. Unfamiliar with United States laws, An believed plaintiff's threats that she would be prosecuted and, thereafter, deported.

An alleged that, left alone in plaintiff's office for two hours, from midnight to 2 a.m., An called her husband, tearfully explained the situation, and told him to come to plaintiff's office. Two hours later, at 4 a.m. on February 8, 2012, defendants, without the aid of counsel, signed the note and mortgage

in the presence of plaintiff and plaintiff's attorney. Defendants further alleged that, beginning in February 2012, plaintiff's investigator began calling An and her husband daily and threatening imprisonment if they did not pay plaintiff the money plaintiff was seeking, and that, shortly thereafter, plaintiff had her daughter post on the Internet that An was a liar and a thief who could not be trusted. Then, An claims, on three occasions in May and June 2012, a relative of plaintiff and several accomplices went to the home of defendant Seo's family in Korea and threatened harm if defendants did not pay; in two of those instances, plaintiff's relative was arrested. An's counterclaim sought, among other things, rescission of the note and mortgage based on the foregoing allegations of duress and harassment.

On April 16, 2014, plaintiff discontinued her claim on the mortgage note. On or about May 28, 2014, plaintiff commenced an action to foreclose on the mortgage on defendants' condominium. In their answer, defendants did not repeat the extensive factual allegations of their counterclaim in the initial action, but did state as an affirmative defense that the transaction "was the result of coercion." Plaintiff then moved for summary judgment in the mortgage foreclosure action. In support of the motion, plaintiff, and the attorney who prepared the mortgage and was present when defendants executed it, both swore in affidavits that defendants did so of their own free will.

Defendants cross-moved to consolidate the foreclosure action with the original action, in which they had counterclaimed. In an affirmation in opposition to plaintiff's motion for summary judgment and in support of the cross motion, defendants' counsel noted that defendants, in their verified answer and counterclaims to the original action, had "specifically denied the validity of the note based on it having been signed under duress," and annexed a copy of that pleading.

Defendant An submitted her own affidavit in opposition, which reiterated the facts concerning the duress defendants felt when they executed the note and mortgage. In reply, plaintiff denied any harassment on the evening of the execution of the note and mortgage, and argued that defendants had failed to demonstrate that their free will was overcome. In any event, plaintiff contended, defendants failed to promptly disavow the mortgage transaction, waiting to do so until litigation had commenced eight months later.

The court granted plaintiff's motion for summary judgment and denied the cross motion as academic. The court found that

defendant An's description of the execution of the documents did not rise to the level of a deprivation of her free will, noting that she attended the meeting at plaintiff's office voluntarily and there was no indication that she could not have left at any time without signing the mortgage and note. Moreover, the court observed, An had the opportunity to discuss the mortgage and note with her husband before signing them. The court further reasoned that, even if defendants' version of the circumstances surrounding the execution of the mortgage were true, defendants could not establish duress because they failed to show that they promptly disaffirmed the transaction, having done nothing for months while accepting the benefits of plaintiff's forbearance on collection of the prior business debt. The court observed that it would be futile for defendants to consolidate the plenary action with the foreclosure action in the hope that the counterclaim in the plenary action setting forth the duress defense at length be deemed sufficient opposition, because the allegations of the counterclaim were not evidence and were thus insufficient to oppose a motion for summary judgment.

The defense of duress is established upon the showing of a wrongful threat precluding the exercise of free will (*see Austin Instrument v Loral Corp.*, 29 NY2d 124, 130 [1971]). The threat of criminal prosecution is sufficient for that purpose (*see Kranitz v Strober Org.*, 181 AD2d 441 [1st Dept 1992]; *Liffiton v Santiago*, 134 AD2d 924 [4th Dept 1987]). Here, defendants alleged that there was such a threat, as well as the additional threat of deportation, which has also been held to constitute duress (*see Matter of Guttenplan*, 222 AD2d 255 [1st Dept 1995], *lv denied* 88 NY2d 812 [1996]). Accordingly, the court erred in holding that defendants did not establish that they signed the note and mortgage under a state of duress.

Plaintiff argues that, even if defendants raised an issue of fact as to whether defendants were under duress when they executed the note and mortgage, their failure to disaffirm those documents before the commencement of litigation is fatal to their claim. The failure to act promptly to disaffirm a contract entered into under duress can be fatal to the defense (*see Sosnoff v Carter*, 165 AD2d 486, 492 [1st Dept 1991]). "However, where during the period of acquiescence or at the time of the alleged ratification the disaffirming party is still under the same continuing duress, he has no obligation to repudiate until the duress has ceased" (*id.*). Here, in her counterclaim, defendant An related events through at least June 2012, only two months before plaintiff commenced the initial action, that con-

stituted a continued, and continuing, pattern of harassment that a finder of fact could determine was part of the same duress that compelled her and her husband to execute the mortgage in the first place.

To be sure, since this is a motion for summary judgment, it was necessary for defendants to put these allegations of continuing duress before the court in admissible form (*see IDX Capital, LLC v Phoenix Partners Group LLC*, 19 NY3d 850, 851 [2012]). An's affidavit in opposition did not do so, since it was limited to the events on the night defendants executed the note and mortgage. However, defendants' attorney's affirmation did submit for the record defendant's verified answer with An's counterclaim. It is well settled that CPLR 105 (u) permits the use of verified pleadings in lieu of affidavits, and that a verified pleading can be used to create an issue of fact sufficient to defeat summary judgment (*see Sanchez v National R.R. Passenger Corp.*, 21 NY3d 890, 891 [2013]). Accordingly, we find that, on this record, plaintiff should not have been awarded summary judgment on her foreclosure claim. Further, to the extent plaintiff argues that defendants did not raise the prompt disavowal issue below, we note that plaintiff discussed the issue below in her reply memorandum of law, and should not be heard now to complain that she did not have an opportunity to address it.

Consolidation of the two actions is appropriate, since they present common questions of law and fact (*see Karg v Kern*, 125 AD3d 527, 529 [1st Dept 2015]).

Finally, we see no reason to award costs to plaintiff based on the infirmities she notes in defendants' appendix. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.