People's Capital & Leasing Corp. v 1 800 Postcards, Inc. (2018 NY Slip Op 04651)





People's Capital & Leasing Corp. v 1 800 Postcards, Inc.


2018 NY Slip Op 04651


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


651602/12 6941N 6940

[*1] People's Capital and Leasing Corp., Plaintiff-Respondent,
v
1 800 Postcards, Inc., et al., Defendants-Appellants.


Law Offices of Michael S. Doran, LLC, New York (Michael S. Doran of counsel), for appellants.
Moritt Hock & Hamroff LLP, Garden City (Alexander D. Widell of counsel), for respondent.



Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 30, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion for leave to amend the answer to add counterclaims for malicious prosecution and tortious interference with contract, and granted plaintiff's motion to strike defendants' jury demand, unanimously affirmed, without costs.
We affirm the denial of defendants' motion for leave to amend. While malicious prosecution claims can be premised on civil proceedings (see Thomas v G2 FMV LLC, 147 AD3d 700 [1st Dept 2017]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610 [1st Dept 2015], lv denied 28 NY3d 903 [2016]), the proposed malicious prosecution counterclaim is time-barred. The underlying action was dismissed in defendants' favor more than one year before defendants moved for leave to amend (see CPLR 215[3]; Syllman v Nissan, 18 AD3d 221 [1st Dept 2005]). Contrary to defendants' arguments, under the circumstances of this case, neither CPLR 203(d) nor CPLR 203(f) avails them. The proposed counterclaim fails, moreover, due to defendants' failure to adequately allege special damages (Engel v CBS, Inc., 93 NY2d 195, 205 [1999]).
In support of the proposed claim for tortious interference with contract, defendants failed to allege a causal connection between plaintiff's allegedly tortious conduct — nondisclosure of its side agreement with Mitsubishi Lithographic Presses (MLP) — and MLP's alleged breach of its purchase agreement with defendants (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]).
Defendants waived trial by jury in the agreement at issue. Their efforts to sever the waiver provision while otherwise enforcing what they claim is a valid agreement are unavailing
(see Sherry Assoc. v Sherry-Netherland, Inc., 273 AD2d 14, 15-16 [1st Dept 2000]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK