Sapienza v Notaro (2019 NY Slip Op 04214)





Sapienza v Notaro


2019 NY Slip Op 04214


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-13317
 (Index No. 700060/16)

[*1]Richard Sapienza, Jr., respondent, 
v
Philip Notaro, Jr., defendant, The Law Office of Michael A. Kofsky, PLLC, etc., et al., appellants.


Law Offices of David A. Antwork, P.C., Merrick, NY, for appellants.
Falcon, Jacobson & Gertler LLP, Rockville Centre, NY (Paul O'Brien and Kenneth J. Falcon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution and tortious interference with advantageous business relationship, the defendants The Law Office of Michael A. Kofsky, PLLC, and Michael A. Kofsky appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 13, 2016. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action in the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Richard Sapienza, Jr. (hereinafter Sapienza), commenced this action against the defendants in January 2016, alleging, inter alia, malicious prosecution and tortious interference with advantageous business relationship. The defendants The Law Office of Michael A. Kofsky, PLLC, and Michael A. Kofsky (hereinafter together the Kofsky defendants) had allegedly represented the defendant Philip Notaro, Jr., in prior actions against Sapienza, including in an action commenced in the Supreme Court, Queens County in April 2010 (hereinafter the Queens County Action). The Kofsky defendants moved, among other things, pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against them.
By order entered December 13, 2016, the Supreme Court, inter alia, denied those branches of the Kofsky defendants' motion which were to dismiss the second cause of action, alleging malicious prosecution of the Queens County Action, and the third cause of action, alleging tortious interference with advantageous business relationship, insofar as asserted against them. The Kofsky defendants appeal from so much of the order as denied those branches of their motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action in the amended complaint insofar as asserted against them.
We agree with the Supreme Court's denial of that branch of the motion of the Kofsky defendants which was pursuant to CPLR 3211(a)(7) to dismiss Sapienza's second cause of action, alleging malicious prosecution of the Queens County Action, insofar as asserted against them. "In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff [*2]the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shaffer v Gilberg, 125 AD3d 632, 634). "The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Teller v Galak, 162 AD3d 959, 960 [internal quotation marks omitted]). Contrary to the Kofsky defendants' contentions, the amended complaint sufficiently pleads malice against them by alleging, based in part upon emails described therein, that the Kofsky defendants continued the Queens County Action with the improper purpose of extorting a settlement from Sapienza based on claims that were barred by res judicata (see Nardelli v Stamberg, 44 NY2d 500, 502-503; Thomas v G2 FMV, LLC, 147 AD3d 700, 700; Honzawa v Honzawa, 268 AD2d 327, 330-331). Further, the amended complaint sufficiently pleads a special injury by alleging with particularity that Sapienza had an employment agreement with Performance Team Freight Systems, Inc. (hereinafter Performance Team), and that Performance Team declined to renew Sapienza's employment agreement solely because Performance Team had been named as a defendant in the Queens County Action (see Thomas v G2 FMV, LLC, 147 AD3d at 700; Dudick v Gulyas, 277 AD2d 686, 688; cf. Teller v Galak, 162 AD3d at 960).
We also agree with the Supreme Court's denial of that branch of the Kofsky defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, the third cause of action, alleging tortious interference with advantageous business relationship, insofar as asserted against them. " On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as barred by the applicable statute of limitations, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P., 169 AD3d 776, 778, quoting Kitty Jie Yuan v 2368 W. 12th St., LLC, 119 AD3d 674, 674). A tortious interference claim has a three-year statute of limitations (see CPLR 214[4]; Pursnani v Stylish Move Sportswear, Inc., 92 AD3d 663, 664). The statute of limitations begins to run on the date of injury or when all of the elements of the tort could be truthfully alleged (see Snyder v Town Insulation, 81 NY2d 429, 432). The cause of action for tortious interference is not enforceable until damages are sustained and that point, rather than the wrongful act of the defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). Here, the Kofsky defendants failed to meet their burden because Sapienza alleged that he was injured by Performance Team's nonrenewal of his employment contract, an event that allegedly occurred within three years of commencement of this action (see Kronos, Inc. v AVX Corp., 81 NY2d at 96; Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 48). Contrary to the Kofsky defendants' assertions, Sapienza's purported judicial admissions do not establish, prima facie, that he was first injured more than three years prior to the commencement of this action.
Accordingly, we agree with the Supreme Court's denial of those branches of the Kofsky defendants' motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the second and third causes of action in the amended complaint insofar as asserted against them.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.

2016-13317 DECISION & ORDER ON MOTION
Richard Sapienza, Jr., respondent, v Philip Notaro,
Jr., defendant, The Law Office of Michael A. Kofsky,
PLLC, etc., et al., appellants.
(Index No. 700060/16)

Motion by the respondent, inter alia, to strike stated portions of the appellants' reply brief on an appeal from an order of the Supreme Court, Queens County, entered December 13, 2016, on the ground that they refer to matter dehors the record. By decision and order on motion of this [*3]Court dated September 20, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' reply brief is granted to the extent that the following portions of the appellants' reply brief are stricken: (1) the first three sentences of the first full paragraph on page 2 and (2) the text beginning with the word "yet" on page 6 and ending with the citation to Rubin, 25 Misc 3d 1242(A) at *8 on page 8, line 8, including footnotes 2 and 3, and those portions of the appellants' reply brief have not been considered in the determination of the appeal; and it is further,
ORDERED that the motion is otherwise denied.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court