Skarzynski v ABM Mgmt. Corp. (2023 NY Slip Op 03491)

Skarzynski v ABM Mgmt. Corp.

2023 NY Slip Op 03491

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12473
 (Index No. 711879/15)

[*1]Dariusz Skarzynski, respondent,
v
ABM Mgmt. Corp., etc., et al., appellants.

Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Barry G. Margolis and Andrew W. Gefell of counsel), for appellants.
Mark Cortegiano, Middle Village, NY (Derek Piersiak of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of General Business Law § 349 and malicious prosecution, the defendants appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated October 4, 2019. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is the owner and occupant of a condominium unit in the Estates of the Hillcrest Condominium II (hereinafter the condominium), a 36-unit residential condominium in Queens. In 2012, the plaintiff allegedly sent a letter to all unit owners questioning the actions of the defendant ABM Mgmt. Corp. (hereinafter ABM), the property managing agent of the condominium, and the defendant Georgina Palmer, the president and a member of the defendant Board of Managers of the condominium (hereinafter the Board). The letter also called for the removal of ABM and Palmer. Thereafter, at a meeting of the Board that was conducted without a quorum, it was agreed that the Board and ABM would file a defamation lawsuit against the plaintiff. After a trial, the defamation action was dismissed.
In November 2015, the plaintiff commenced this action, asserting causes of action alleging, inter alia, violations of General Business Law § 349 and malicious prosecution. The defendants moved for summary judgment dismissing the complaint. By order dated October 4, 2019, the Supreme Court, inter alia, denied the motion. The defendants appeal.
The Supreme Court should have awarded the defendants summary judgment dismissing the first cause of action, alleging violations of General Business Law § 349. General Business Law § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (see North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11). A cause of action to recover damages for a violation of General Business Law § 349 must "identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages" (Wilner v Allstate Ins. Co., 71 AD3d 155, 162).
Here, the defendants demonstrated, prima facie, that the conduct alleged does not amount to consumer-oriented conduct and instead involves a private dispute "unique to the parties" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see Silver v CitiMortgage, Inc., 162 AD3d 812, 813-814). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the seventh cause of action, alleging malicious prosecution. "The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Teller v Galak, 162 AD3d 959, 960 [internal quotation marks omitted]; see Sapienza v Notaro, 172 AD3d 1418, 1420). Special injury has been defined as "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (Engel v CBS, Inc., 93 NY2d 195, 205).
Here, the defendants failed to eliminate triable issues of fact as to whether they commenced the defamation action against the plaintiff without probable cause and with malice, and as to whether the defamation action caused a special injury to the plaintiff (see Sapienza v Notaro, 172 AD3d 1418; Dudick v Gulyas, 277 AD2d 686). Therefore, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the seventh cause of action, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court