Sapienza v Notaro (2025 NY Slip Op 04927)

Sapienza v Notaro

2025 NY Slip Op 04927

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-09632
 (Index No. 700060/16)

[*1]Richard Sapienza, Jr., respondent, 
v
Philip Notaro, Jr., defendant, Law Office of Michael A. Kofsky, PLLC, et al., appellants.

Law Offices of David A. Antwork, P.C., Merrick, NY, for appellants.
O'Brien PLLC, Bay Shore, NY (Paul M. O'Brien of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the defendants Law Office of Michael A. Kofsky, PLLC, and Michael A. Kofsky appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 14, 2021. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2007, the defendant Philip Notaro, Jr., had commenced an action against the plaintiff, Richard Sapienza, Jr., among others, in the Superior Court of New Jersey (hereinafter the New Jersey action), alleging, inter alia, that Sapienza had breached an agreement dated August 10, 2000 (hereinafter the 2000 agreement). The defendant Michael A. Kofsky was admitted pro hac vice to appear on behalf of Notaro in the New Jersey action. In an order dated December 17, 2010, the Superior Court of New Jersey, among other things, awarded Sapienza summary judgment dismissing the complaint insofar as asserted against him. Notaro appealed, and in an order dated July 15, 2014, the Superior Court of New Jersey, Appellate Division, affirmed (see Notaro v Impac Logistic Servs., L.L.C., 2014 WL 3407081, 2014 NJ Super Unpub LEXIS 1711 [NJ Super Ct App Div, No. A-0922-11T3]).
On April 21, 2010, during the pendency of the New Jersey action, Notaro, represented by Kofsky, commenced an action against, among others, Sapienza, and his new employer, Performance Team, in the Supreme Court, Queens County (hereinafter the Queens County action), alleging, inter alia, that Sapienza had breached the 2000 agreement. On October 7, 2015, the court granted that branch of Sapienza's motion which was for summary judgment dismissing the complaint insofar as asserted against him, based on the doctrine of res judicata, determining that the same factual issues had been determined in the New Jersey action. The court further determined that Notaro's and Kofsky's conduct in continuing to pursue the Queens County action after it was apparent that it lacked merit was frivolous, but it declined to impose sanctions.
In 2016, the plaintiff commenced this action against Notaro and Kofsky and his firm, Law Office of Michael A. Kofsky, PLLC (hereinafter together the Kofsky defendants), alleging, inter alia, malicious prosecution with respect to the Queens County action. The Kofsky defendants [*2]moved, inter alia, for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them. In an order entered December 14, 2021, the Supreme Court, among other things, denied that branch of the Kofsky defendants' motion. The Kofsky defendants appeal.
Contrary to the Kofsky defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them. "The gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal action or proceeding" (Stewart v Fein Such & Crain, LLP, 236 AD3d 959, 962 [alteration and internal quotation marks omitted]; see Kinge v State of New York, 79 AD3d 1473, 1478). "The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Skarzynski v ABM Mgmt. Corp., 217 AD3d 983, 984 [internal quotation marks omitted]; see 347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC, 144 AD3d 785, 785-786). "Special injury has been defined as 'some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit'" (Skarzynski v ABM Mgmt. Corp., 217 AD3d at 985, quoting Engel v CBS, Inc., 93 NY2d 195, 205).
Here, the Kofsky defendants failed to eliminate triable issues of fact as to whether they commenced or continued the Queens County action against Sapienza without probable cause and with malice, and as to whether that action caused a special injury to Sapienza (see Stewart v Fein Such & Crain, LLP, 236 AD3d 959; Skarzynski v ABM Mgmt. Corp., 217 AD3d at 985; Dudick v Gulyas, 277 AD2d 686, 688). Therefore, the Supreme Court properly denied that branch of the Kofsky defendants' motion which was for summary judgment dismissing the malicious prosecution cause of action insofar as asserted against them, without regard to the sufficiency of Sapienza's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court