De La Roca v Schacht (2025 NY Slip Op 07068)

De La Roca v Schacht

2025 NY Slip Op 07068

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-25-0702
[*1]Elfido De La Roca, Respondent,
vRobert G. Schacht et al., Defendants, and Susanne Gennusa, Appellant.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for appellant.
Schloss & Schloss, PLLC, Nanuet (Jonathan B. Schloss of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Michael Cuevas, J.), entered April 7, 2025 in Schenectady County, which denied defendant Susanne Gennusa's motion to dismiss the complaint against her.
In 2011, plaintiff won a scratch-off lottery ticket by which, pursuant to a 2016 court order resolving an unrelated dispute over the winnings, he was entitled to receive payments totaling $2.1 million in yearly installments through 2030. Defendant Advance Funding, LLC (hereinafter AF) offered to purchase plaintiff's rights to all future payments in exchange for a lump sum payment of $1.3 million. Acting as counsel to AF, defendant Susanne Gennusa then commenced a special proceeding in Supreme Court seeking judicial approval of the purported assignment of plaintiff's lottery payments to AF's designated assignee.[FN1] Gennusa prepared and signed certain documents in support of such application, which included an affidavit and agreement allegedly signed by plaintiff and drafted by plaintiff's purported lawyer, defendant Robert G. Schacht. In January 2017, Supreme Court (Reilly, J.) granted the application and directed that plaintiff's lottery payments be assigned to AF's designee (hereinafter the 2017 order).
In March 2020, plaintiff moved by order to show cause seeking, among other things, to vacate the 2017 order on the grounds that the supporting documents were fraudulent and part of a "sham" transaction between AF, Gennusa and Schacht. Supreme Court (Cuevas, J.) held a hearing, during which plaintiff testified — through a translator — that he had never spoken to or met Schacht, he could not understand or read English, and he did not sign any of the documents submitted by Gennusa in the special proceeding. Following additional testimony from Gennusa and Schacht, in 2023, Supreme Court found that the documents submitted in the special proceeding were fraudulent, vacated the 2017 order, directed remaining payments to be made to plaintiff and ordered restitution to plaintiff. Plaintiff then commenced this action for malicious prosecution alleging, as relevant here, that Gennusa set aside her independent judgment to file documents that she knew or should have known were fraudulent in order to deprive him of his lottery winnings. Gennusa moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Plaintiff opposed, and Supreme Court denied the motion. Gennusa appeals.
We affirm. "The gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal proceeding" (Kinge v State of New York, 79 AD3d 1473, 1478 [3d Dept 2010] [internal quotation marks and citations omitted]; accord Stewart v Fein Such & Crain, LLP, 236 AD3d 959, 962 [2d Dept 2025]). A party asserting a claim for the tort of malicious prosecution of a civil action must establish "(1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, ([*2]4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Pirro v Board of Trustees of the Vil. of Groton, 203 AD3d 1263, 1264 [3d Dept 2022] [internal quotation marks and citations omitted]). "[S]ince malice is seldom established by direct evidence of an ulterior motive . . . [, it] can be inferred by lack of probable cause or conduct that was reckless or grossly negligent" (Stewart v Fein Such & Crain, LLP, 236 AD3d at 962-963 [internal quotation marks and citations omitted]).When considering a motion to dismiss, courts "must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Van Amburgh v Boadle, 231 AD3d 187, 189 [3d Dept 2024] [internal quotation marks and citations omitted]). In making this determination, "the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Bennett v Bennett, 223 AD3d 1013, 1014 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]).
Gennusa contends that Supreme Court erred in denying her motion because plaintiff failed to allege any facts supporting the element of malice. We disagree. Malice is defined as acting with a "wrong or improper motive, something other than a desire to see the ends of justice served," or an "awareness of conscious falsity" (Harrison v Samaritan Med. Ctr., 128 AD3d 1469, 1471 [4th Dept 2015] [internal quotation marks and citations omitted]). Plaintiff's claim is premised on the uncontested fact that Gennusa submitted fraudulent documents in support of the special proceeding that she had prepared and commenced. In doing so, Gennusa affixed her signature to this application, certifying "that, to the best of [her] knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . [,] the presentation of the paper or the contentions therein are not frivolous . . . and . . . where the paper is an initiating pleading . . . the matter was not obtained through illegal conduct" (22 NYCRR 130-1.1a [b] [1], [2] [i] [emphasis added]). However, Gennusa contended that she did not have any contact with plaintiff, did not witness plaintiff sign any documents, and merely assembled the petition and filed it based on the representations in Schacht's affirmation. But even a cursory inquiry would have revealed that plaintiff could not speak or read English — despite his affidavit and the assignment agreement being written in English. Further considering that the special proceeding involved an assignment of over $1.3 million and that disclosure has not yet been completed to develop the issue of actual malice (see Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1729 [3d Dept 2020]), we are satisfied that the complaint adequately pleads a cause of action for malicious prosecution given the fraudulent [*3]documents offered by Gennusa to the court (see Kinge v State of New York, 79 AD3d at 1479; Campion Funeral Home v State of New York, 166 AD2d 32, 36 [3d Dept 1991], lv denied 78 NY2d 859 [1991]). Accordingly, we decline to disturb Supreme Court's denial of the motion to dismiss (see Sapienza v Notaro, 172 AD3d 1418, 1419 [2d Dept 2019]; Thomas v G2 FMV, LLC, 147 AD3d 700, 700 [1st Dept 2017]; see also Stewart v Fein Such & Crain, LLP, 236 AD3d at 964).
Reynolds Fitzgerald, J.P., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although labeled as an ex parte application, the record demonstrates that it was indeed on notice to plaintiff's purported attorney.